64 Park Ave. Corp., Landlord, Respondent, *v.* Henry Blum, Tenant, Appellant.

Supreme Court, Appellate Term, First Department, March 18, 1948.

*David Marcus* for appellant.

*John J. Crowley, Herbert J. Strong* and *Milton B. Pfeffer* for respondent.

*Per Curiam.* The ground assigned by the landlord for terminating the lease, as stated in its letter of June 17, 1947, is not applicable or authorized under paragraph VI of the lease. In our opinion, it has no application to conduct or acts committed off the demised premises. We are also of opinion that the provisions of subdivision 6 of section 1410 of the Civil Practice Act are suspended during the existence of the Business Rent Law and that there is no evidence that the tenant used or was using the demised space for illegal purposes (§ 8, subd. [b], cl. [2]; L. 1945, ch. 314).

HAMMER, J. (dissenting). I dissent and vote for affirmance. The acts complained of (a criminal abortion and conspiracy resulting in the patient's death) brought about a conviction in Queens County. The landlords' ground for terminating the lease involved not only these acts but also the notoriety and publicity attendant upon the criminal trial and conviction and the showing that the transaction was initiated by the tenant physician at his office (the demised premises) from which he transported the victim to the place of crime. The office was inextricably corelated to the tenant's practice. An evil character was thus imputed to the doctor and necessarily the demised premises were defamed. This is the basis of the complaint of illegal use and purpose, and of conduct detrimental to the comfort or welfare of other occupants of the landlord's hotel.

The final order should be reversed, with $30 costs, and petition dismissed, with costs.

EDER and HECHT, JJ., concur in *Per Curiam* memorandum; HAMMER, J., dissents in memorandum.

Order reversed, etc.